# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| SOTHEBY'S, INC., <br><br>        *Plaintiff*, <br><br>  -against- <br><br>MODERN ART SERVICES, LTD. and DAVID HILL, <br><br>        *Defendants*. | Index No. <br><br>**COMPLAINT** |

Plaintiff Sotheby's, Inc. ("Sotheby's"), by its attorneys, Lynn & Cahill LLP, for its complaint against defendants Modern Arts Services, Ltd. ("MAS") and David Hill ("Hill"), alleges as follows:

## PARTIES

1. Plaintiff Sotheby's, a well-known auction house, is a New York corporation with its principal place of business at 1334 York Avenue, New York, New York 10021.

2. MAS purports to be a shipping company with expertise in the handling and shipment of fine art.

3. Upon information and belief, MAS is a New York corporation, with its principal place of business located at 46-24 28th Street, Long Island City, New York 11101.

4. Hill was an employee of MAS during the events giving rise to this action.

## STATEMENT OF FACTS

5. Less than one year ago, Sotheby's received a valuable antique statue (the "Statue") on consignment for sale at auction from one of its valued clients (the "Consignor").

6. In January 2010, Sotheby's requested that MAS ship the Statue from Sotheby's New York facility to a Hong Kong facility for inclusion in an auction to be held there in April 2010.

7. MAS agreed to undertake the shipment, and notified Sotheby's that it would pick up the Statue on January 19, 2010.

8. On that day, employees of Sotheby's carefully transported the Statue to Sotheby's own loading dock.

9. MAS appeared at the Sotheby's loading dock on January 19, 2010 to prepare for the shipment of the Statue to Hong Kong.

10. On that day, MAS was also engaged in packing and otherwise preparing for the shipment of other valuable property.

11. MAS made no effort to secure the Statue while MAS worked on preparing to ship the other valuable property.

12. In anticipation of MAS's taking delivery of the Statue and initiating the shipment to Hong Kong, Hill moved towards the Statue, which rested on a pedestal that had been brought by Sotheby's to the loading dock.

13. In attempting to handle the Statue, Hill caused it to fall to the floor of the loading dock, damaging it severely.

14. As a result, the Statue was never actually delivered to MAS and the shipment to Hong Kong was not initiated.

15. Hill's mishandling of the Statue breached the duty of care that he and MAS, as his employer, owed to Sotheby's.

16. Hill's actions are imputed to MAS under the doctrine of *repondeat superior*.

17. Hill's and MAS's actions were so egregiously careless, reckless and in such wanton disregard of his and MAS's duties to Sotheby's as to constitute gross negligence.

18. Upon information and belief, MAS terminated Hill's employment as a result of his conduct and the damage that he caused to the Statue.

19. Prior to the damage caused by MAS and Hill, the Statue had a greater value of than it now has.

20. MAS and Hill caused the value of the Statue to materially decrease.

21. Sotheby's paid a substantial sum to the Consignor as a result of the damage to the Statue.

22. The Consignor has assigned all of the Consignor's right, title and interest in the Statue, and any claims arising out of the damage thereto, to Sotheby's.

## CAUSE OF ACTION
(Negligence)

23. Sotheby's repeats and realleges the allegations contained in Paragraphs 1 through 22 of this Complaint.

24. MAS and Hill, its employee, owed Sotheby's a duty to handle the Statue with the care appropriate to handling an antique work of art worth of great value.

25. Hill's actions and utter indifference to securing the Statue from possible harm, which ultimately caused the Statue to crash to the floor, fell woefully short of the applicable standard of care owed, and thus breached the duty owed to Sotheby's.

26. As a result of Hill's actions, inaction and gross negligence, Sotheby's has suffered damages, including a material diminution in the value of the Statue and other foreseeable damages, in an amount totaling more than $1,000,000.

27. Hill is liable to Sotheby's for his grossly negligent actions.

28. MAS is liable to Sotheby's for damages caused by Hill's gross negligence and willful and wanton misconduct under the doctrine of *respondeat superior*.

**WHEREFORE,** Sotheby's demands judgment as follows:

A. Compensatory damages in an amount to be proved at trial;

B. Punitive damages in an amount to be established at trial; and

C. Such other and further sums as the Court may deem just and proper, including the costs and disbursements of this action.

Dated: New York, New York
November 12, 2010

**LYNN & CAHILL LLP**

By: _____
John R. Cahill
Ronald W. Adelman
58 West 40th Street
New York, NY 10018
212-719-4400

*Attorneys for Plaintiff,
Sotheby's, Inc.*